**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

807CV00750 AWT

ALAN GIANA,
an individual

    Plaintiff,
v.

IMPULSE WEAR, INC., an Ohio Corporation;
and ARTBRANDS, LLC, an Ohio Limited
Liability Company; and DOES 1-10

    Defendants.

)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION NO. 3.07cv750(Awt)

COMPLAINT
(COPYRIGHT INFRINGEMENT 17
U.S.C. §106)

DEMAND FOR JURY TRIAL

MAY 10, 2007

Plaintiff, ALAN GIANA, alleges as follows:

## JURISDICTION AND VENUE

1.     This court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2.     This court also has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 2201, and this court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  The amount in controversy is greater than $75,000.

3.     Venue is proper in this district under 28 U.S.C. § 1391.

## PARTIES

4.     Plaintiff Alan Giana ("Giana") is an individual who resides in Simsbury, Connecticut.  Giana is an artist who licenses and sells his works in a variety of fora, which appear on prints, checks, calendars, puzzles, thermometers, screen savers, and other products.

5.    Defendant Impulse Wear, Inc. ("Impulse Wear") is an active Ohio corporation with its principal place of business in Ohio. On information and belief, Impulse Wear, Inc. was originally known as Teletrend Acquisition Co., an Ohio corporation. This company merged with Impulse Wear, Inc. (Ohio registration 839322) and Earth Tones, Inc. (Ohio registration 839323) ("Earth Tones") on or about October 27, 2000. At the time of this merger, the company formerly known as Teletrend Acquisition Co. took the name Impulse Wear, Inc, and was the surviving Ohio corporate entity. Impulse Wear's current business is unknown.

6.    On information and belief, Impulse Wear also merged on or about June 6, 2005, with, among others, Eden Lane, Inc. ("Eden Lane") a former Ohio corporation. Impulse Wear was the surviving corporate entity.

7.    Defendant Art Brands, LLC ("Art Brands") is an active Ohio limited liability company with its principal place of business in Ohio. Art Brands, LLC is in the business of selling heat transfers for t-shirts and other items throughout the country, including to vendors in Connecticut.

8.    Does 1-10 are individuals or entities whose names are not yet known by plaintiff. Plaintiff will seek leave to amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously-named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages were caused by their conduct.

## COMMON FACTS

9.      During the period of 1999–2004, Giana published a number of paintings he created that are at issue in this case (the "Works").

10.     The Works were duly registered to Giana by the U.S. Copyright Office on or about February 2, 2004 and December 29, 2004, as evidenced by Certificates of Registration Nos. VAu 610-257 and VAu 650–537, respectively.  A copy of these registrations are attached hereto as Exhibits 1 and 2, respectively.

11.     Giana has expended substantial time, experimentation, and sums of money in the creation of his art, including that embodied in the Works.

12.     Since a time prior to the acts of defendants alleged herein and at all material times, Giana has been the owner of all right, title and interest in and to the Works and registration herein.

13.     At all times material herein, Defendants knew Giana was the owner of all right, title and interest in and to the Works and registrations.

14.     Through a series of agreements for the period of 2003–2005, Giana licensed certain Works to what he believed were Impulse Wear, Inc. (Ohio registration 839322) and Earth Tones ("License Agreements").  The License Agreements are evidenced by Exhibits 3–__, attached hereto.

15.     Giana also agreed to license additional Works to Impulse Wear, Inc. (Ohio registration 839322), Earth Tones, and Eden Lane, if they signed the relevant agreements ("Proposed License Agreements").  In furtherance of the intention to license these works, Giana

sent digital files to Impulse Wear, Inc. (Ohio registration 839322), Earth Tones, and Eden Lane containing these Works. Impulse Wear, Inc. (Ohio registration 839322), Earth Tones, and Eden Lane never signed and returned the Proposed License Agreements, but used these Works to sell their respective products.

16.     On February 24, 2006, Giana terminated the License Agreements because of material breaches by Impulse Wear, Inc. (Ohio registration 839322) and Earth Tones.

17.     Art Brands, LLC placed several Works on its website, advertising these Works to be used as heat transfers to its customers. Art Brands, LLC uses, without modification, the catalog and assets of Impulse Wear, Inc. (Ohio registration 839322) and Earth Tones in its business. These assets and catalog reproduce and advertise the Works as heat transfers to Art Brand's customers. Art Brands never had permission from Giana to use any of the Works in its business.

18.     On information and belief, Impulse Wear, Inc. (Ohio registration 839322), Earth Tones, and Eden Lane supplied the Works subject to the terminated License Agreements and the Works subject to the Proposed Licensed Agreements to each of the defendants, which each have used the Works as follows: (1) by using the Works on actual products, repeatedly reproducing the Works, marketing the Works, and otherwise making use of the Works without Giana's permission, authorization, or consent, and in complete disregard of Giana's rights under the copyright laws of the United States.

19.     Giana notified Art Brands, LLC of its infringement by letter dated March 20, 2007.

**FIRST CLAIM FOR RELIEF - (Copyright Infringement– Against All Defendants)**

20.     Giana realleges paragraphs 1 through 19 above.

21.     Defendants' conduct as alleged above constitutes willful and intentional copyright infringement in violation of 17 U.S.C. § 106.

22.     Defendants' acts have caused and will, unless Defendants are enjoined, continue to cause irreparable injury to Giana, including injury to Giana's business reputation and goodwill. Giana has no adequate remedy at law.

23.     Giana is entitled to an injunction restraining Defendants, their directors, officers, agents, employees, representatives, and all persons acting in concert with them, from engaging in any further acts of infringement.

24.     Giana is further entitled to recover from Defendants statutory damages pursuant to 17 U.S.C. § 504(c)(2) of no less than $750 and up to $150,000 for the willful copyright infringement of each of Giana's copyrighted work. Alternatively, Giana is entitled to recover from Defendants the actual damages Giana has sustained and will sustain, and any gains, profits and advantages obtained by Defendants as a result of Defendants' infringements alleged above.

25.     Giana is also entitled to an award of reasonable attorneys' fees pursuant to 17 U.S.C. § 505.

WHEREFORE, plaintiff prays for judgment against defendants as follows:

1.    That Defendants and their respective officers, agents, employees, successors, and assigns, and anyone else acting on their behalf, be enjoined during the pendency of this action and permanently from directly or indirectly infringing Giana's aforementioned copyrights in the manners alleged above;

2.    That Defendants and their respective officers, agents, employees, successors, and assigns, and anyone else acting on their behalf, pay Giana statutory damages in an amount no less than $750 and up to $150,000 for each willful infringement of Giana's works.  In the alternative, Giana prays for an amount to be proved at trial for his actual damages and for any gains, profits and advantages obtained by Defendants as a result of Defendants' infringements;

3.    That Defendants and their respective officers, agents, employees, successors, and assigns, and anyone else acting on their behalf, be required to deliver up to be impounded during the pendency of this action all of the Works in their possession, including all catalogs and other materials containing the Works, and to deliver up for destruction all such infringing materials and other matter for making such infringing materials;

4.    That Giana be award punitive damages in an amount to be proven at trial for the willful, wanton, and malicious actions of the Defendants in disregard of Giana's rights;

5.     That Giana be awarded his reasonable attorney fees and costs; and

6.     For such other relief as this court deems appropriate.

THE PLAINTIFF — ALAN GIANA

John T. Laudati, ct06043
MURPHY, LAUDATI & KIEL, P.C.
270 Farmington Avenue, Ste. 360
Farmington, CT 06032
Tel. (860) 674-8296/ Fax (860) 674-0850
jlaudati.mlk@sbcglobal.net

1



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

## Short Form VA
**For a Work of the Visual Arts**
UNITED STATES COPYRIGHT OFFICE

Regn **VAu 610 – 257**

**FEB 0 2 2004**

FEB 0 2 2004

FEB 0 2 2004

TYPE OR PRINT IN BLACK INK. DO NOT WRITE ABOVE THIS LINE.

**1 — Title of This Work:**
Alternative title or title of larger work in which this work was published

The collected work of Alan Giana 1999 – 2003

**2 — Name and Address of Author and Owner of the Copyright:**
Nationality or domicile
Phone, fax, and email

Alan Giana
17 Colonial Drive
Simsbury, CT 06089
Phone ( 860)658-2938    Fax ( 860)658-2938
Email

**3 — Year of Creation:**
2003

**4 — If work has been published, Date and Nation of Publication:**
a. Date _____ Month ____ Day ____ Year ____ (Month, day, and year all required)
b. Nation _____

**5 — Type of Authorship in This Work:**
Check all that this author created

☐ 3-Dimensional sculpture    ☐ Photograph    ☐ Map
☒ 2-Dimensional artwork    ☐ Jewelry design    ☐ Text
☐ Technical drawing

**6 — Signature:**
Registration cannot be completed without a signature

I certify that the statements made by me in this application are correct to the best of my knowledge.* Check one
☒ Author    ☐ Authorized agent

X _____ *Alan Giana* _____

**7 — Name and Address of Person to Contact for Rights and Permissions:**
Phone, fax, and email

☐ Check here if same as #2 above

Phone ( )    Fax ( )
Email

**8** Certificate will be mailed in window envelope to this address

Name ▼ Alan Giana
Number/Street ▼ 17 Colonial Drive
City/State/Zip ▼ Simsbury, CT 06089

**9** Deposit Account #_____
Name _____

17 U.S.C. §506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with

Exhibit 1
Page 1 of 1

2

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

## Short Form VA
### For a Work of the Visual Arts
### UNITED STATES COPYRIGHT OFFICE

**VAu 650 – 537**

Effective Date of Registration
**DEC 2 9 2004**

Application Received
DEC 2 9 2004

Deposit Received
DEC 2 9 2004

Fee Received

---

TYPE OR PRINT IN BLACK INK  DO NOT WRITE ABOVE THIS LINE

Examined By  CX

Correspondence

---

**1** Title of This Work.

Alternative title or title of larger work in which this work was published

The collected work of Alan Giana 2004

**2** Name and Address of Author and Owner of the Copyright

Nationality or domicile
Phone fax, and email

Alan Giana
17 Colonial Drive, Simsbury, CT 06089

Phone ( 860 ) 658-2938        Fax ( 860 ) 658-2938

Email

**3** Year of Creation

2004

**4** If work has been published, Date and Nation of Publication

a. Date _____

Month          Day          Year          (Month, day and year all required)

b. Nation

**5** Type of Authorship in This Work.
Check all that this author created

☐ 3-Dimensional sculpture        ☐ Photograph        ☐ Map
☑ 2-Dimensional artwork          ☐ Jewelry design    ☐ Text
☐ Technical drawing

**6** Signature
Registration cannot be completed without a signature

I certify that the statements made by me in this application are correct to the best of my knowledge   Check one
☑ Author  ☐ Authorized agent

X  *Alan Giana*

**7** Name and Address of Person to Contact for Rights and Permissions
Phone fax, and email

☑ Check here if same as #2 above

Phone (        )                Fax (        )

Email

**8**
Certificate will be mailed in window envelope to this address

Name ▼  Alan Giana

Number/Street/Apt ▼  17 Colonial Drive

City/State/Zip ▼  Simsbury, CT 06089

**9** Deposit Account #

Name

---

17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409 or in any written statement filed in connection with the application shall be fined not more than $2,500.

Rev June 2002—20,000  Web Rev June 2002  ⊛ Printed on recycled paper

US Government Printing Office  2000-461 11328 081

Exhibit 2
Page 1 of 1

3



# Licensing Agreement Page 1

**PARTIES AND PURPOSE. THIS AGREEMENT** is made between *Alan Giana* of Simsbury, Connecticut (Artist) and *Impulse Wear, Inc. and Earth Tones, Inc.* (IW) of 225 Business Center Dr., Blacklick, OH 43004 for the purpose of extending to IW the right to market artistic works by artist Alan Giana on various products *(see Exhibit A)* to be created by IW under this agreement:

**1. DESCRIPTION OF THE ART:** This Agreement covers only the reproduction of the following artistic works by Alan Giana:

*(see Exhibit B)*

It is understood that additional works may be selected from the Artist's artistic works for inclusion under this Agreement given the mutual written assent of all parties to this Agreement.

**2. TERRITORIALITY AND MEANS OF PROMOTION:** IW will have the rights *(see Exhibit A)* to market products utilizing the artistic work(s) covered by this Agreement, through all of its normal channels of distribution worldwide.

**3. TERM OF THE AGREEMENT:** This Agreement shall be effective from the date signed by both parties and shall continue for a period of four (4) years ending on December 31, 2007, at which time it may be renewed or extended with the written consent of both parties. IW has the right to terminate the promotion of its products depicting the images covered under this Agreement at any time, provided IW shall remain liable to remit to the Artist any royalties due hereunder.

**4. ROYALTIES:** IW agrees to pay the Artist a royalty of seven percent (7%) from the net sales of heat-applied transfers and craft transfers, and five percent (5%)  from the net sales of other products using the artwork licensed under this Agreement. Royalty payments shall be made to the Artist within thirty (30) days following the end of each calendar quarter. Quarterly royalty payments and the corresponding royalty statements shall continue so long as IW continues to sell any of the products created under this Agreement.

**5. ADVANCE AGAINST ROYALTY:** none

**6. SAMPLES:** IW will also supply the Artist, at no charge, with three (3) samples per image of each product created under this Agreement. The Artist will also be able to purchase these products from IW at the manufacturer's lowest published price.

**7. RIGHT OF PROMOTION:** The Artist grants to IW the right to promote the Artist and his works, including his name, likeness, signature, and artistic and biographic background, in any manner so long as such promotion does not defame, harm, or bring to ridicule the Artist or the Artist's reputation.

**8. COPYRIGHTS AND WARRANTIES:** The Artist hereby certifies that he is the sole creator of all art to be used under this Agreement and that he owns full and complete international copyrights to his own original works. All products covered by this Agreement, and any and all reproductions of such products or art in advertising or promotional copy by IW or through IW-purchased media, shall carry the copyright of the artist on either the product itself, on the literature promoting the product, or on a tag affixed to the final salable product: © Alan Giana.

Exhibit 3
Page 1 of 3

# Licensing Agreement

## Page 2

**9. INDEMNIFICATION:** *Limitation of licensee's liability.* Licensor stipulates that there are no licenses, claims, agreements or encumbrances on the image(s) which are in conflict with this agreement, and that he will indemnify Licensee and hold Licensee, its owners, distributors, sales agents and customers, harmless from any claims of infringement resulting from Licensee's use of the images pursuant to this Agreement. Indemnification shall include Licensee's reasonable expenses, including attorney's fees and court costs.

*Limitation of licensor's liability.* Licensee shall indemnify and hold licensor harmless from any and all product liability claims, suits, damages and expenses arising out of the manufacture and distribution of products which utilize the images.

**10. PAYMENTS AND RECORDS:** IW shall furnish the Artist with a complete quarterly royalty statement showing the quantity, description and net sales (total sales less actual returns) of all United States and international sales of products sold under this Agreement during the preceding quarter, and the computation of royalties due, within thirty (30) days after the close of each quarter. The Artist shall have the right, at his own expense and if he so chooses, to have a certified public accountant review the relevant financial records of IW once annually upon (30) thirty days written advance notice to IW of its intention to do so.

**11. TERMINATION:** The Artist may terminate this Agreement on one (1) month advance notice if IW shall fail or refuse to sell and ship to its clients and dealers commercial embodiments of the artwork licensed hereunder within twelve (12) months following the date of signing of this agreement. IW agrees to produce licensed products according to its current quality standards, and the Artist has the right to see that these standards are met. The Artist may terminate this Agreement, specifying the cause for termination, for material breach by IW or if IW becomes bankrupt or insolvent or enters into any proceeding for the discharge of all its debts other than in the usual course of business. In the event of termination for cause, IW shall immediately discontinue all distribution and promotion of licensed products. In the event of termination or expiration of this Agreement, IW shall remain liable to remit to the Artist any payments or royalties which may continue to be due and payable under this and any subsequent Agreements. IW will have a 180-day sell-off period for residual inventory remaining after expiration of this Agreement.

**12. GOVERNANCE, CONFIDENTIALITY, AND OBLIGATIONS:** This Agreement shall be governed and constructed according to the laws of the State of Connecticut. All parties hereby agree to keep confidential the terms of this Agreement. The Artist and IW agree that they cannot assign their obligations under this Agreement without the prior written mutual consent of the other parties to the Agreement. This Agreement is not binding unless signed by the Artist and an officer of IW.

IN WITNESS WHEREOF, the undersigned hereby understands and agree to all points as outlined above in this binding contract:

Alan Giana (Artist):

_____  12/1/03
Signature                Date

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
_____
Artist Social Security Number

Impulse Wear, Inc. and Earth Tones, Inc. (IW) officer:

_____  12/10/03
Signature                Date

LARRY LEVINE
_____
Please print name as signed above

Exhibit 3
Page 2 of 3

# Licensing Agreement
## Page 3

**Exhibit A**
**Products to be manufactured/sold by Licensee:**

**Exclusive Rights**
Heat-applied transfers and craft transfers

**Non-exclusive Rights**
T-shirts with heat-applied transfers
Sweat shirts with heat-applied transfers
Nightshirts with heat-applied transfers
Tote bags with heat-applied transfers
Aprons with heat-applied transfers
Hats with heat-applied transfers

**Exhibit B**
**Property owned by Licensor to be licensed for production by Licensee:**

A New Day

Beautiful as the Sunset

Gifts of the Tide

Nauset Light

Nubble Light

Exhibit 3
Page 3 of 3

4



# Licensing Agreement Page 1

**PARTIES AND PURPOSE.** THIS AGREEMENT is made between **Alan Giana** of Simsbury, Connecticut (Artist) and **Impulse Wear, Inc., Earth Tones, Inc. and Eden Lane** (IW) of 225 Business Center Dr., Blacklick, OH 43004 for the purpose of extending to IW the right to market artistic works by artist Alan Giana on various products **Various Products (See Exhibit A)** to be created by IW under this agreement:

**1. DESCRIPTION OF THE ART:** This Agreement covers only the reproduction of the following artistic works by Alan Giana:

**On A Clear Day**

It is understood that additional works may be selected from the Artist's artistic works for inclusion under this Agreement given the mutual written assent of all parties to this Agreement.

**2. TERRITORIALITY AND MEANS OF PROMOTION:** IW will have the rights to market products utilizing the artistic work(s) covered by this Agreement worldwide through its direct mail Eden Lane catalog.

**3. TERM OF THE AGREEMENT:** This Agreement shall be effective from the date signed by both parties and shall continue for a period of four (4) years ending on December 31, 2008, at which time it may be renewed or extended with the written consent of both parties. IW has the right to terminate the promotion of its products depicting the images covered under this Agreement at any time, provided IW shall remain liable to remit to the Artist any royalties due hereunder.

**4. ROYALTIES:** IW agrees to pay the Artist a royalty of five percent (5%) from the net sales of products using the artwork licensed under this Agreement. Royalty payments shall be made to the Artist within thirty (30) days following the end of each calendar quarter. Quarterly royalty payments and the corresponding royalty statements shall continue so long as IW continues to sell any of the products created under this Agreement.

**5. ADVANCE AGAINST ROYALTY:** none

**6. SAMPLES:** IW will also supply the Artist, at no charge, with three (3) samples per image of each product created under this Agreement. The Artist will also be able to purchase these products from IW at the manufacturer's lowest published price.

**7. RIGHT OF PROMOTION:** The Artist grants to IW the right to promote the Artist and his works, including his name, likeness, signature, and artistic and biographic background, in any manner so long as such promotion does not defame, harm, or bring to ridicule the Artist or the Artist's reputation.

**8. COPYRIGHTS AND WARRANTIES:** The Artist hereby certifies that he is the sole creator of all art to be used under this Agreement and that he owns full and complete international copyrights to his own original works. All products covered by this Agreement, and any and all reproductions of such products or art in advertising or promotional copy by IW or through IW-purchased media, shall carry the copyright of the artist on either the product itself, on the literature promoting the product, or on a tag affixed to the final salable product: © Alan Giana.

Exhibit 4
Page 1 of 3

# Licensing Agreement

## Page 2

**9. INDEMNIFICATION:** *Limitation of IW's liability.* Artist stipulates that there are no licenses, claims, agreements or encumbrances on the image(s) which are in conflict with this agreement, and that he will indemnify IW and hold IW, its owners, distributors, sales agents and customers, harmless from any claims of infringement resulting from IW's use of the images pursuant to this Agreement. Indemnification shall include IW's reasonable expenses, including attorney's fees and court costs.

*Limitation of Artist's liability.* IW shall indemnify and hold Artist harmless from any and all product liability claims, suits, damages and expenses arising out of the manufacture and distribution of products which utilize the images

**10. SUB-LICENSING:** IW does not have the right to sub-license any of the Artist's work to any third party whatsoever.

**11. PAYMENTS AND RECORDS:** IW shall furnish the Artist with a complete quarterly royalty statement showing the quantity, description and net sales (total sales less actual returns) of all United States and international sales of products sold under this Agreement during the preceding quarter, and the computation of royalties due, within thirty (30) days after the close of each quarter. The Artist shall have the right, at his own expense and if he so chooses, to have a certified public accountant review the relevant financial records of IW once annually upon (30) thirty days written advance notice to IW of its intention to do so.

**12. TERMINATION:** The Artist may terminate this Agreement on one (1) month advance notice if IW shall fail or refuse to sell and ship to its clients and dealers commercial embodiments of the artwork licensed hereunder within twelve (12) months following the date of signing of this agreement. IW agrees to produce licensed products according to its current quality standards, and the Artist has the right to see that these standards are met. The Artist may terminate this Agreement, specifying the cause for termination, for material breach by IW or if IW becomes bankrupt or insolvent or enters into any proceeding for the discharge of all its debts other than in the usual course of business. In the event of termination for cause, IW shall immediately discontinue all distribution and promotion of licensed products. In the event of termination or expiration of this Agreement, IW shall remain liable to remit to the Artist any payments or royalties which may continue to be due and payable under this and any subsequent Agreements. IW will have a 180-day sell-off period for residual inventory remaining after expiration of this Agreement.

**13. GOVERNANCE, CONFIDENTIALITY, AND OBLIGATIONS:** This Agreement shall be governed and constructed according to the laws of the State of Connecticut. All parties hereby agree to keep confidential the terms of this Agreement. The Artist and IW agree that they cannot assign their obligations under this Agreement without the prior written mutual consent of the other parties to the Agreement. This Agreement is not binding unless signed by the Artist and an officer of IW.

IN WITNESS WHEREOF, the undersigned hereby understands and agree to all points as outlined above in this binding contract:

**Alan Giana (Artist):**                                        **Impulse Wear, Inc. and Earth Tones, Inc. (IW) officer:**

_____  12/27/04          _____  2/7/05
Signature                        Date                Signature                        Date

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

_____                       _____
Artist Social Security Number                  Please print name as signed above

Exhibit 4
Page 2 of 3

# Licensing Agreement

## Page 3

**Exhibit A**
**Products to be manufactured/sold by IW:**

- **Heat-applied transfers and craft transfers**
- **T-shirts** - with heat-applied transfers
- **Sweat Shirts** - with heat-applied transfers
- **Nightshirts** - with heat-applied transfers
- **Tote Bags** - with heat-applied transfers
- **Aprons** - with heat-applied transfers
- **Hats** - with heat-applied transfers
- **Mugs** - with heat-applied transfers
- **Lace Wallhangings** - with heat-applied transfers
- **Area Rugs** - with heat-applied transfers and/or dye-sublimation printed

Exhibit 4
Page 3 of 3

5



# Licensing Agreement Page 1

**PARTIES AND PURPOSE.** THIS AGREEMENT is made between *Alan Giana* of Simsbury, Connecticut (Artist) and *Impulse Wear, Inc., Earth Tones, Inc. and Eden Lane* (IW) of 225 Business Center Dr., Blacklick, OH 43004 for the purpose of extending to IW the right to market artistic works by artist Alan Giana on various products **Various Products (See Exhibit A)** to be created by IW under this agreement:

**1. DESCRIPTION OF THE ART:** This Agreement covers only the reproduction of the following artistic works by Alan Giana:

**Garden of Light**

It is understood that additional works may be selected from the Artist's artistic works for inclusion under this Agreement given the mutual written assent of all parties to this Agreement.

**2. TERRITORIALITY AND MEANS OF PROMOTION:** IW will have the rights to market products utilizing the artistic work(s) covered by this Agreement worldwide through its direct mail Eden Lane catalog.

**3. TERM OF THE AGREEMENT:** This Agreement shall be effective from the date signed by both parties and shall continue for a period of four (4) years ending on December 31, 2008, at which time it may be renewed or extended with the written consent of both parties. IW has the right to terminate the promotion of its products depicting the images covered under this Agreement at any time, provided IW shall remain liable to remit to the Artist any royalties due hereunder.

**4. ROYALTIES:** IW agrees to pay the Artist a royalty of five percent (5%) from the net sales of products using the artwork licensed under this Agreement. Royalty payments shall be made to the Artist within thirty (30) days following the end of each calendar quarter. Quarterly royalty payments and the corresponding royalty statements shall continue so long as IW continues to sell any of the products created under this Agreement.

**5. ADVANCE AGAINST ROYALTY:** none

**6. SAMPLES:** IW will also supply the Artist, at no charge, with three (3) samples per image of each product created under this Agreement. The Artist will also be able to purchase these products from IW at the manufacturer's lowest published price.

**7. RIGHT OF PROMOTION:** The Artist grants to IW the right to promote the Artist and his works, including his name, likeness, signature, and artistic and biographic background, in any manner so long as such promotion does not defame, harm, or bring to ridicule the Artist or the Artist's reputation.

**8. COPYRIGHTS AND WARRANTIES:** The Artist hereby certifies that he is the sole creator of all art to be used under this Agreement and that he owns full and complete international copyrights to his own original works. All products covered by this Agreement, and any and all reproductions of such products or art in advertising or promotional copy by IW or through IW-purchased media, shall carry the copyright of the artist on either the product itself, on the literature promoting the product, or on a tag affixed to the final salable product: © Alan Giana.

Exhibit 5
Page 1 of 3

# Licensing Agreement

### Page 2

**9. INDEMNIFICATION:** *Limitation of IW's liability.* Artist stipulates that there are no licenses, claims, agreements or encumbrances on the image(s) which are in conflict with this agreement, and that he will indemnify IW and hold IW, its owners, distributors, sales agents and customers, harmless from any claims of infringement resulting from IW's use of the images pursuant to this Agreement. Indemnification shall include IW's reasonable expenses, including attorney's fees and court costs.

*Limitation of Artist's liability.* IW shall indemnify and hold Artist harmless from any and all product liability claims, suits, damages and expenses arising out of the manufacture and distribution of products which utilize the images

**10. SUB-LICENSING:** IW does not have the right to sub-license any of the Artist's work to any third party whatsoever.

**11. PAYMENTS AND RECORDS:** IW shall furnish the Artist with a complete quarterly royalty statement showing the quantity, description and net sales (total sales less actual returns) of all United States and international sales of products sold under this Agreement during the preceding quarter, and the computation of royalties due, within thirty (30) days after the close of each quarter. The Artist shall have the right, at his own expense and if he so chooses, to have a certified public accountant review the relevant financial records of IW once annually upon (30) thirty days written advance notice to IW of its intention to do so.

**12. TERMINATION:** The Artist may terminate this Agreement on one (1) month advance notice if IW shall fail or refuse to sell and ship to its clients and dealers commercial embodiments of the artwork licensed hereunder within twelve (12) months following the date of signing of this agreement. IW agrees to produce licensed products according to its current quality standards, and the Artist has the right to see that these standards are met. The Artist may terminate this Agreement, specifying the cause for termination, for material breach by IW or if IW becomes bankrupt or insolvent or enters into any proceeding for the discharge of all its debts other than in the usual course of business. In the event of termination for cause, IW shall immediately discontinue all distribution and promotion of licensed products. In the event of termination or expiration of this Agreement, IW shall remain liable to remit to the Artist any payments or royalties which may continue to be due and payable under this and any subsequent Agreements. IW will have a 180-day sell-off period for residual inventory remaining after expiration of this Agreement.

**13. GOVERNANCE, CONFIDENTIALITY, AND OBLIGATIONS:** This Agreement shall be governed and constructed according to the laws of the State of Connecticut. All parties hereby agree to keep confidential the terms of this Agreement. The Artist and IW agree that they cannot assign their obligations under this Agreement without the prior written mutual consent of the other parties to the Agreement. This Agreement is not binding unless signed by the Artist and an officer of IW.

IN WITNESS WHEREOF, the undersigned hereby understands and agree to all points as outlined above in this binding contract:

**Alan Giana (Artist):**                          **Impulse Wear, Inc. and Earth Tones, Inc. (IW) officer:**

_Alan Giana_____ 1/27/05          _____ 2/7/05
Signature                    Date          Signature                    Date

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                                _Larry Levine_____
_____                    Please print name as signed above
Artist Social Security Number

Exhibit 5
Page 2 of 3

# Licensing Agreement
### Page 3


**Exhibit A**
**Products to be manufactured/sold by IW:**

- **Heat-applied transfers and craft transfers**
- **T-shirts** - with heat-applied transfers
- **Sweat Shirts** - with heat-applied transfers
- **Nightshirts** - with heat-applied transfers
- **Tote Bags** - with heat-applied transfers
- **Aprons** - with heat-applied transfers
- **Hats** - with heat-applied transfers
- **Mugs** - with heat-applied transfers
- **Lace Wallhangings** - with heat-applied transfers
- **Area Rugs** - with heat-applied transfers and/or dye-sublimation printed

Exhibit 5
Page 3 of 3

6



THE ART OF

# GIANA

# Licensing Agreement Page 1

**PARTIES AND PURPOSE.** THIS AGREEMENT is made between *Alan Giana* of Simsbury, Connecticut (Artist) and *Impulse Wear, Inc. and Earth Tones, Inc.* (IW) of 225 Business Center Dr., Blacklick, OH 43004 for the purpose of extending to IW the right to market artistic works by artist Alan Giana on various products *(see Exhibit A)* to be created by IW under this agreement:

**1. DESCRIPTION OF THE ART:** This Agreement covers only the reproduction of the following artistic works by Alan Giana:

**Pensicola Light**

It is understood that additional works may be selected from the Artist's artistic works for inclusion under this Agreement given the mutual written assent of all parties to this Agreement.

**2. TERRITORIALITY AND MEANS OF PROMOTION:** IW will have the rights *(see Exhibit A)* to market products utilizing the artistic work(s) covered by this Agreement, through all of its normal channels of distribution worldwide.

**3. TERM OF THE AGREEMENT:** This Agreement shall be effective from the date signed by both parties and shall continue for a period of four (4) years ending on December 31, 2008, at which time it may be renewed or extended with the written consent of both parties. IW has the right to terminate the promotion of its products depicting the images covered under this Agreement at any time, provided IW shall remain liable to remit to the Artist any royalties due hereunder.

**4. ROYALTIES:** IW agrees to pay the Artist a royalty of seven percent (7%) from the net sales of heat-applied transfers and craft transfers, and five percent (5%) from the net sales of other products using the artwork licensed under this Agreement. Royalty payments shall be made to the Artist within thirty (30) days following the end of each calendar quarter. Quarterly royalty payments and the corresponding royalty statements shall continue so long as IW continues to sell any of the products created under this Agreement.

**5. ADVANCE AGAINST ROYALTY:** none

**6. SAMPLES:** IW will also supply the Artist, at no charge, with three (3) samples per image of each product created under this Agreement. The Artist will also be able to purchase these products from IW at the manufacturer's lowest published price.

**7. RIGHT OF PROMOTION:** The Artist grants to IW the right to promote the Artist and his works, including his name, likeness, signature, and artistic and biographic background, in any manner so long as such promotion does not defame, harm, or bring to ridicule the Artist or the Artist's reputation.

**8. COPYRIGHTS AND WARRANTIES:** The Artist hereby certifies that he is the sole creator of all art to be used under this Agreement and that he owns full and complete international copyrights to his own original works. All products covered by this Agreement, and any and all reproductions of such products or art in advertising or promotional copy by IW or through IW-purchased media, shall carry the copyright of the artist on either the product itself, on the literature promoting the product, or on a tag affixed to the final salable product: © Alan Giana.

Exhibit 6
Page 1 of 3

# Licensing Agreement

## Page 2

**9. INDEMNIFICATION:** *Limitation of IW's liability.* Artist stipulates that there are no licenses, claims, agreements or encumbrances on the image(s) which are in conflict with this agreement, and that he will indemnify IW and hold IW, its owners, distributors, sales agents and customers, harmless from any claims of infringement resulting from IW's use of the images pursuant to this Agreement. Indemnification shall include IW's reasonable expenses, including attorney's fees and court costs.

*Limitation of Artist's liability.* IW shall indemnify and hold Artist harmless from any and all product liability claims, suits, damages and expenses arising out of the manufacture and distribution of products which utilize the images

**10. SUB-LICENSING:** IW does not have the right to sub-license any of the Artist's work to any third party whatsoever.

**11. PAYMENTS AND RECORDS:** IW shall furnish the Artist with a complete quarterly royalty statement showing the quantity, description and net sales (total sales less actual returns) of all United States and international sales of products sold under this Agreement during the preceding quarter, and the computation of royalties due, within thirty (30) days after the close of each quarter. The Artist shall have the right, at his own expense and if he so chooses, to have a certified public accountant review the relevant financial records of IW once annually upon (30) thirty days written advance notice to IW of its intention to do so.

**12. TERMINATION:** The Artist may terminate this Agreement on one (1) month advance notice if IW shall fail or refuse to sell and ship to its clients and dealers commercial embodiments of the artwork licensed hereunder within twelve (12) months following the date of signing of this agreement. IW agrees to produce licensed products according to its current quality standards, and the Artist has the right to see that these standards are met. The Artist may terminate this Agreement, specifying the cause for termination, for material breach by IW or if IW becomes bankrupt or insolvent or enters into any proceeding for the discharge of all its debts other than in the usual course of business. In the event of termination for cause, IW shall immediately discontinue all distribution and promotion of licensed products. In the event of termination or expiration of this Agreement, IW shall remain liable to remit to the Artist any payments or royalties which may continue to be due and payable under this and any subsequent Agreements. IW will have a 180-day sell-off period for residual inventory remaining after expiration of this Agreement.

**13. GOVERNANCE, CONFIDENTIALITY, AND OBLIGATIONS:** This Agreement shall be governed and constructed according to the laws of the State of Connecticut. All parties hereby agree to keep confidential the terms of this Agreement. The Artist and IW agree that they cannot assign their obligations under this Agreement without the prior written mutual consent of the other parties to the Agreement. This Agreement is not binding unless signed by the Artist and an officer of IW.

IN WITNESS WHEREOF, the undersigned hereby understands and agree to all points as outlined above in this binding contract:

**Alan Giana (Artist):**

Signature *(signed: Alan Giana)*     Date *(1/27/05)*

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

**Artist Social Security Number**

**Impulse Wear, Inc. and Earth Tones, Inc. (IW) officer:**

Signature *(signed)*     Date *(2/7/05)*

*(signed: Larry Levine)*

**Please print name as signed above**

Exhibit 6
Page 2 of 3

# Licensing Agreement
### Page 3

**Exhibit A**
**Products to be manufactured/sold by Licensee:**

**Exclusive Rights**
Heat-applied transfers and craft transfers

**Non-exclusive Rights**
T-shirts with heat-applied transfers
Sweat shirts with heat-applied transfers
Nightshirts with heat-applied transfers
Tote bags with heat-applied transfers
Aprons with heat-applied transfers
Hats with heat-applied transfers

Exhibit 6
Page 3 of 3